

**U.S. Department of Justice**

Civil Division, Appellate Staff

950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 305-1754

July 18, 2026

Anastasia Dubrovsky, Clerk of Court
U.S. Court of Appeals for the First Circuit
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2500
Boston, MA 02210

RE:     *State of California, et al. v. Trump, et al.*, Nos. 26-1774, 26-1779

Dear Ms. Dubrovsky:

The Court's order of July 8, 2026, inquired whether other currently pending suits would have an "effect on the stay analysis here," specifically "including equitable considerations."  Among the suits the Court identified was *NAACP v. U.S. Postal Service*, No. 1:20-cv-02295 (D.D.C.), and a pending appeal to the D.C. Circuit in that matter (No. 26-5257).  The district court in that matter had enjoined the Postal Service from "implementing the standards and procedures described in" a recent Postal Service notice of proposed rulemaking.  Dkt. 181, at 2 (July 1, 2026).  We write to inform the Court that on Friday, July 17, the D.C. Circuit stayed that injunction pending appeal.  A copy of the D.C. Circuit's order is attached.

In granting the stay, the D.C. Circuit explained that the government had "made a strong showing" that it was likely to succeed on the merits because, as relevant here, the proposed rule "is likely neither constitutionally nor prudentially ripe for review."  Order at 1. The D.C. Circuit also explained that appellants have "demonstrated irreparable harm on the ground that, absent a stay, the district court's injunction 'will render [them] unable' to 'issue and implement a final rule in advance of the November 2026 general election.'" *Id.* (quoting Mot. for Stay 24) (alteration in original). "In this context, 'there can be no do over' once the election occurs." *Id.* (quoting *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 9

(D.C. Cir. 2016)).  The court also concluded that this harm outweighed any countervailing harm to appellee or the public interest.  *Id.* at 1-2.

Like the D.C. Circuit, this Court should stay the injunction issued in this case.  And at a minimum, the issuance of the injunction in *NAACP* can have no bearing on the equitable factors here given that it has been stayed by the D.C. Circuit.

Sincerely,

*s/ Laura E. Myron*
Laura E. Myron
Attorney for the Federal Defendants

cc:   Counsel of Record

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-5257**                                    **September Term, 2025**

1:20-cv-02295-EGS

**Filed On:**  July 17, 2026

National Association for the Advancement of
Colored People,

        Appellee

        v.

United States Postal Service and Louis
DeJoy, in his official capacity as Postmaster
General of the United States Postal Service,

        Appellants

**BEFORE:**    Henderson, Walker, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the motion for stay pending appeal, the opposition thereto, and the reply, it is

**ORDERED** that the motion for stay be granted.  Appellants have satisfied the stringent requirements for a stay pending appeal.  See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2025). Appellants have made a strong showing that they will likely succeed on two of their arguments.  First, their proposed rule is likely neither constitutionally nor prudentially ripe for review.  See Ctr. for Auto Safety v. Nat'l Highway Traffic Safety Admin., 710 F.2d 842, 846 (D.C. Cir. 1983) (per curiam).  Second, even if adopted, that proposed rule likely would not violate paragraph 2 of the parties' settlement agreement.  Next, appellants have demonstrated irreparable harm on the ground that, absent a stay, the district court's injunction "will render [them] unable" to "issue and implement a final rule in advance of the November 2026 general election."  Mot. for Stay 24.  In this context, "there can be no do over" once the election occurs.  League of Women Voters of the U.S. v. Newby, 838 F.3d 1, 9 (D.C. Cir. 2016) (internal quotation marks omitted). Finally, on this record, any countervailing harm to appellee and the public does not

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 26-5257**                                **September Term, 2025**

outweigh appellants' success on the two "most critical" stay factors.  <u>Nken</u>, 556 U.S. at 434.

**<u>Per Curiam</u>**

                                        **FOR THE COURT:**
                                        Clifton B. Cislak, Clerk

                    BY:    /s/
                                          Selena R. Gancasz
                                          Deputy Clerk